

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Nolan Queen
Criminal District Attorney
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. 0-5297
Re: Salary of Sheriff of Parker
County, Texas.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"This has reference to Article 3912, Section 13, authorizing the Commissioners' Court to fix salaries of certain officers.

"The Sheriff's Report for 1935 shows total fees of office as $5,227.98. Expenses, or salaries of office, were $1,320.00. The Commissioners' Court fixed the salary of the Sheriff at $2,400.00. Now, under this statement of facts, would it not be the duty of the Commissioners' Court to fix the salary of the Sheriff at $3,000.00? If not, what would be the basis for fixing the salary?

. . . .

You have also given us the further information that the Sheriff was allowed $300.00 ex-officio compensation for the fiscal year 1935 and that this amount was included in the total receipts of $5,227.98.

The population of Parker County, Texas, according to the 1930 Federal Census, was 18,759 inhabitants, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

according to the 1940 Federal Census was 20,497 inhabitants. The last approved tax roll of Parker County shows said county's assessed valuations to be less than Fifteen Million Dollars ($15,000,000.00).

Section 13 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Sec. 13. The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . ."

Article 3883, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; . . ."

Article 3891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). . . ."

The above quoted provisions of Articles 3883 and 3891 were existing law on August 24, 1935.

We quote from the court's opinion in the case of Nacogdoches County v. Winder, Tex. Civ. App., writ refused, 140 S. W. (2) 972, as follows:

"The following facts are without dispute: Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann. Civil Statutes, and Article 3891, R. C. S., Vernon's Ann. Civ. St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,286.16. On January 13, 1936, at a regular session of the commissioners' court, an order was entered by said court fixing appellee's

salary at $3,286.16 the amount earned as salary
by the county clerk of said county in 1935. Later
in said month, January 31st, at a called session
of said court, his salary was fixed at $3,350 per
year. On January 11, 1937, the commissioners'
court in regular session fixed his salary at
$3,000, for that year, and on January 10, 1938,
said court fixed his salary at $3,000 for said
year. This was $286.16 less than the minimum
salary for 1935, and $350 less than the salary
as fixed by the order of January 31, 1936. Ap-
pellee prayed judgment for $572.32, the differ-
ence between the $3,000 per year for 1937 and
1938, and the minimum of $3,286.16 as fixed by
the order of January 13, 1936, or in the alterna-
tive, for judgment for $700 if the order of Jan-
uary 31, 1936, passed at the called session be
found proper. The judgment was for $572.32.

"We think the order fixing appellee's salary
made at the regular term on January 13, 1936, was
in accordance with the law, and that the amount
then fixed as the annual salary of appellee,
$3,286.16, under the facts and the law was proper,
and is controlling here. Article 3912e, section
13, Vernon's Ann. Civ. St., fixes the salary of
County Clerks in the class of counties in which
Nacogdoches fell, at not less than the total sum
earned by him in his official capacity for the
fiscal year 1935 and not more than the maximum
amount allowed such officer under laws existing
on August 24, 1935. The legislature having pre-
scribed the minimum amount of salary (the official
earnings in 1935) and that being shown to have
been $3,286.16, the commissioners' court did not
have the authority to ignore this statutory pro-
vision of minimum salary and fix the salary at
$3,000. The provisions of the statute authoriz-
ing the commissioners' court to fix the salary at
any sum not less than a certain minimum, and not
more than a certain maximum, are mandatory, and
could not be ignored by the members of the court
at their discretion. The order fixing appellee's
salary at $3,000 was without authority, and so
void."

To the same effect see Nacogdoches County v. Jinkins, Tex. Civ. App., writ refused, 140 S. W. (2) 901.

Opinion No. O-2582 of this department holds, among other things, that the change in the population of Travis County, Texas, as shown by the Federal Census of 1940, had no effect upon the salaries of the district, county and precinct officers of said county, and that the minimum salary of such an officer could not be less than the total sum earned as compensation by the incumbent of the office in his official capacity for the fiscal year 1935 and that the maximum salary could not be more than the maximum amount allowed such incumbent under laws existing on August 24, 1935, and since the 1930 Federal Census was then in effect such census was controlling. We enclose herewith a copy of opinion No. O-2582.

In this instance the population of Parker County, Texas, was less than 25,000 inhabitants according to both the 1930 and 1940 Federal Censuses.

Opinion No. O-345 of this department holds that under the Officers' Salary Law, the District Clerk of Limestone County, Texas, was entitled to "not less than the total sum earned as compensation" rather than "the sum collected" or "earned and collected", and in arriving at the correct minimum salary to be paid said officer, the commissioners' court should consider the sum total of both fees, the collected and uncollected, to which he would have been legally entitled for the year 1935. The opinion also holds that in computing said clerk's salary the commissioners' court should deduct from the total compensation, earned, collected and uncollected, the expenses of the office for the year 1935, which were legally allowed by the commissioners' court for that year. We enclose a copy of opinion No. O-345.

The case of Anderson County v. Hopkins, 187 S. W. 1019, holds that ex-officio compensation cannot be regarded as "excess fees" under Article 3891, V. A. C. S.

Under the facts stated the official earnings of the Sheriff in 1935 were $5,227.98. Expenses of office of $1,320.00 deducted from the total leaves a balance of $3,907.98. Since the $300.00 ex-officio compensation cannot be regarded as "excess fees" under Article 3891, supra, same should also be deducted, leaving a balance of $3,607.98, which balance constitutes the total amount of fees for the year 1935. From the

sum of $3,607.98 we deduct $2,400.00 (the Sheriff's first maximum under Article 3883, V. A. C. S., supra) leaving a balance of $1,207.98 as excess fees. We divide the $1,207.98 excess fees by three (under Article 3891, supra) which makes $402.66. We add the $402.66 to the $2,400.00 which makes $2,802.66. To this is also added the ex-officio compensation of $300.00, which makes the sum of $3,102.66. However, under Article 3891, supra, the second or final maximum salary is $3,000.00 for such Sheriff.

Under the facts stated the salary of the Sheriff should be fixed at exactly $3,000.00--neither more nor less.

Very truly yours

APPROVED MAY 25, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/

Wm. J. Fanning
Assistant

WJF:mp
Encls.

APPROVED OPINION
COMMITTEE
BY GWB
CHAIRMAN